## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DIALYSIS CARE CENTER
HOLDINGS, LLC,

     Plaintiff,

v.

BOB AGBOGU, M.D.

     Defendant.

Civil Action No.

## COMPLAINT

COMES NOW DIALYSIS CARE CENTER HOLDINGS, LLC, a Delaware Limited Liability Company, by and through its undersigned counsel, and files this Complaint for Damages, showing this Honorable Court as follows:

## PRELIMINARY STATEMENT

1.

This is an action for breach of fiduciary duty and breach of contract arising out of a dispute between members of a Georgia Limited Liability Company. Plaintiff Dialysis Care Center Holdings, LLC ("DCCH") and Defendant Agbogu are the only two members of South Fulton Dialysis Center, LLC ("South Fulton Dialysis"). Defendant Agbogu egregiously violated his several duties as a member and manager

1

of South Fulton Dialysis on multiple occasions by (1) maliciously invoking dispossessory proceedings to evict his own company, South Fulton Dialysis, from a leased premises after his fellow member, DCCH, paid him $3,000,000 for a stake in South Fulton Dialysis; and (2) repeatedly failing to pay his due amount to a third-party contractor, therefore, placing South Fulton Dialysis in breach of a contract.

## **PARTIES, JURISDICTION, AND VENUE**

### 2.

Plaintiff DIALYSIS CARE CENTER HOLDINGS LLC ("DCCH") is a Delaware Limited Liability Company with its principal place of business in Homer Glen, Will County, Illinois. Plaintiff DCCH brings this action in its capacity as a member of South Fulton Dialysis Center, LLC ("South Fulton Dialysis").

### 3.

Defendant BOB AGBOGU, M.D. ("Agbogu") is a citizen and resident of the State of Georgia. Defendant Agbogu may be served with legal process at 6015 Blackwater Trail, Atlanta, Georgia 30328. Once served with process as described in this paragraph, Defendant Agbogu is subject to the jurisdiction and venue of this Court.

4.

Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) as a diversity of citizenship exists between Plaintiff DCCH and Defendant Agbogu, and because the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) as Defendant Agbogu resides in the judicial district of the Atlanta Division of the United States District Court for the Northern District of Georgia, and a substantial part of the events giving rise to these claims occurred in said judicial district.

## FACTUAL ALLEGATIONS

### A.   South Fulton Dialysis Center LLC

6.

On April 20, 2020, through a document titled "South Fulton Dialysis Center LLC Membership Interest Purchase and Sale Agreement", Plaintiff DCCH purchased a 70% membership interest in South Fulton Dialysis from Defendant Agbogu, who at the time owned a 100% membership interest in South Fulton Dialysis. Following this transaction, Defendant Agbogu maintained a 30% membership interest.

7.

In exchange for the 70% membership interest, Plaintiff DCCH paid Defendant Agbogu $3,000,000.

8.

On May 31, 2020, Plaintiff DCCH and Defendant Agbogu executed an Amended and Restated Operating Agreement ("Operating Agreement") for South Fulton Dialysis Center, LLC ("South Fulton Dialysis") which outlined, among other pertinent provisions, Plaintiff DCCH's 70% membership interest and Defendant Agbogu's 30% membership interest. At all times material to this Complaint, Plaintiff DCCH and Defendant Agbogu were and are the only two members of South Fulton Dialysis.

9.

Shortly after the acquisition of its 70% membership interest in South Fulton Dialysis, Plaintiff DCCH recognized it was necessary to complete construction and repairs to the dialysis clinic to: (1) ensure it was compliant with Centers for Medicare and Medicaid Services; (2) remove any threats to patient safety; and (3) enhance infection control procedures.

10.

Centers for Medicare and Medicaid can levy financial penalties against dialysis centers that fail to meet certain standards. Because of this and the concern for patient safety, Plaintiff DCCH asked for a construction cash call immediately to ensure South Fulton Dialysis was compliant with industry regulations.

11.

Despite this obvious need to prevent unnecessary harm to South Fulton Dialysis, Defendant Agbogu was hesitant to vote in favor of performing the required construction work.

12.

The Operating Agreement indicates that South Fulton Dialysis is a member-managed limited liability company. Section 5.1.1 of the Operating Agreement states "[t]he Members, within the authority granted by the Act and the terms of this Agreement shall have the complete power and authority to manage and operate the Company and make all decisions affecting its business and affairs."

13.

The Members, within the authority granted to them by the terms of the Operating Agreement, chose to have administrative operations carried out by Dialysis Care Center Management LLC, a third-party entity (and not a party to this

suit). Accordingly, South Fulton Dialysis entered into a Management Services Agreement with Dialysis Care Center Management LLC ("DCCM"[1]). The agreement was signed by Defendant Agbogu on behalf of South Fulton Dialysis on May 29, 2020.

14.

Article III, Section 2 of the Management Services Agreement states, in part: "[South Fulton Dialysis] will remit to DCCM its payment of each Management/Consulting Fee that is billed to [South Fulton Dialysis], in accordance with this Agreement, within fifteen (15) days of receipt of DCCM's invoice." Defendant Agbogu has purposefully and repeatedly failed to make his portion of the payments to DCCM for at least 7 months. Defendant Agbogu currently owes DCCM $133,050. His failure to pay has put South Fulton Dialysis in breach of its agreement with DCCM.

15.

Because Defendant Agbogu was a member of South Fulton Dialysis, and according to Georgia law, Defendant Agbogu owed and still owes fiduciaries duties and duties of care to the LLC and its members.

_____

[1] Dialysis Care Center Management, LLC ("DCCM") is a wholly owned subsidiary of Plaintiff DCCH.

16.

The Operating Agreement is a valid and enforceable contract. By entering into the contract with Plaintiff DCCH, Defendant Agbogu has a duty of good faith and fair dealing in his performance.

**B.     Lease Agreement with BNG Properties & Investments Inc.**

17.

South Fulton Dialysis entered into a Lease Agreement with BNG Properties & Investments Inc. ("Lease Agreement") for a period of 60 months, commencing on July 1, 2020 and expiring on June 30, 2025.

18.

BNG Properties & Investments Inc. ("BNG Properties") is a Georgia corporation which, upon information and belief, is wholly owned by Defendant Agbogu. According to the Georgia Secretary of State's Corporations Division public records, Defendant Agbogu is the CEO, CFO, Secretary, and Registered Agent of Defendant BNG.

19.

In an email dated October 7, 2021, during an exchange between Defendant Agbogu and an officer of Plaintiff DCCH concerning late fee claims and cash call

requirements, Defendant Agbogu stated, in part, "[t]he property lease for [South Fulton Dialysis] is between BNG Properties & Investments, Inc. (Landlord) and [South Fulton Dialysis], not with Dr. Agbogu.  All obligations and benefits resulting from the relationship created by this Lease refers exclusively to these two legal entities…"  Contrary to his position taken in this email, and because Defendant Agbogu owns a 30% membership interest in South Fulton Dialysis, Defendant Agbogu is privy to the obligations and benefits resulting from the relationship created by the lease.  Further, Defendant Agbogu has certain duties (including fiduciary duties) to South Fulton Dialysis.

## C.    Defendant Agbogu's First Attempt to Evict South Fulton Dialysis

20.

In an email dated December 22, 2021, Defendant Agbogu, in his role as CEO of BNG Properties, sent an email titled "DEMAND NOTICE TO CURE DEFAULT".  In his letter, Defendant Agbogu stated that South Fulton Dialysis owed late fees in the amount of $2,329.13, which was the basis for his default claim against South Fulton Dialysis.

21.

Despite Plaintiff DCCH's position that late fees were not owed, they chose to make a payment of $2,329.13 in order to ensure that South Fulton Dialysis was in

8

no way at risk of violating its Lease Agreement and to ensure that actions were taken in the best interest of the company.

**D.    Defendant Agbogu's Second Attempt to Evict South Fulton Dialysis**

22.

On March 16, 2022, BNG's attorney wrote a letter to South Fulton Dialysis titled "Notice of Lease Termination".  The letter stated that "[a]t the time of writing this notice a request for repairs to structural damage to the property has gone unheeded.  [South Fulton Dialysis'] non-compliance with the lease agreement leaves BNG with no choice but to seek possession of the premises in question….you are hereby requested to deliver possession to the premise within 60 days from the date of this notice."

23.

Plaintiff DCCH was never presented a request for repairs prior to the letter dated March 16, 2022.  Even though he was obviously aware of the alleged structural damage, Defendant Agbogu never discussed this with his fellow South Fulton Dialysis member, Plaintiff DCCH.

24.

The Lease Agreement, Section 27, requires "the party claiming the default or breach on the part of the other shall serve upon the other written notice specifying with particularity wherein said default or breach is alleged to exist…"

25.

In a response letter to BNG Properties' attorney dated March 16, 2022, Plaintiff DCCH informed BNG Properties that it had never received a notice regarding the alleged needed repairs.

26.

Despite having full knowledge of his attorney's alleged claims and his intent to evict South Fulton Dialysis, Defendant Agbogu never consulted with the other member of South Fulton Dialysis, Plaintiff DCCH, to discuss the issue and seek a resolution in the interest of both parties.  Instead, Defendant Agbogu withheld vital information with the intent to harm South Fulton Dialysis through a wrongful eviction.

27.

On March 31, 2022, BNG Properties filed a document styled "Proceeding Against Tenant Holding Over" in the State Court of Fulton County, Georgia, which initiated a dispossessory or eviction proceeding against South Fulton Dialysis, LLC.

In its pleading, BNG alleged that South Fulton Dialysis was "in material breach of lease agreement." The document was not properly executed according to the laws of the State of Georgia.

28.

On April 8, 2022, BNG Properties hired a process server named Ancillary Legal Corporation to serve the Proceeding Against Tenant Holding Over and summons on South Fulton Dialysis through its registered agent and office, to wit: Registered Agent, Inc., 300 Colonial Center Parkway, Ste 100N, Roswell, Georgia 30076.  Registered Agents, Inc. never delivered a copy of the document to South Fulton Dialysis or any of its representatives.

29.

On April 22, 2022, BNG Properties submitted an Application to Execute Writ of Possession alleging "[BNG Properties] filed a writ alleging material breach of lease agreement and [South Fulton Dialysis] has not answered."

30.

On May 6, 2022, the Writ of Possession was granted by the State Court of Fulton County.

31.

Between March 31, 2022 and May 6, 2022, Defendant Agbogu never communicated with Plaintiff DCCH about the eviction proceeding and pending default judgment, despite his duties as a manager and member of South Fulton Dialysis, and having full knowledge that the eviction would severely and irreparably damage South Fulton Dialysis.

32.

Because of Defendant Agbogu's desire to ruin South Fulton Dialysis through a carefully devised eviction scheme, South Fulton Dialysis has been forced to defend itself through a series of pleadings and motions in an attempt to set aside the judgment on the May 6, 2022 ruling.  This has not only been expensive and detrimental to South Fulton Dialysis, it has also put its patient base at risk as well.

33.

Defendant Agbogu owes certain duties (including fiduciary duties) to South Fulton Dialysis.  He also has a duty of good faith and fair dealings in the performance of the Operating Agreement. These duties have not been limited in any way by the Operating Agreement.

**E.**   **Defendant Agbogu's Failure to Act in a Manner Which is in the Best Interest of South Fulton Dialysis**

34.

Since Plaintiff DCCH acquired a 70% ownership stake in South Fulton Dialysis, Defendant Agbogu has consistently attempted to place hardships on South Fulton Dialysis.

35.

Defendant Agbogu has (1) willfully and maliciously attempted to evict South Fulton Dialysis and (2) placed South Fulton Dialysis in breach of its agreement with its third-party vendor, DCCM, for failure to pay what now amounts to $133,050.

## CLAIMS

## COUNT I:  BREACH OF FIDUCIARY DUTY

36.

Plaintiff incorporates by reference all of the previous allegations as though fully set forth herein.

37.

The Amended and Restated Operating Agreement of South Fulton Dialysis was executed by Defendant Agbogu and gave him a 30% membership interest in

South Fulton Dialysis, thereby making him a member of the Limited Liability Company ("LLC").

38.

South Fulton Dialysis, LLC is a closely-held LLC, owned only by Plaintiff DCCH and Defendant Agbogu, and thus Plaintiff DCCH's direct action against Defendant Agbogu is proper under Georgia law.

39.

As Plaintiff DCCH and Defendant Agbogu are the only two shareholders, and Plaintiff DCCH is the only injured shareholder, there is no danger of multiple suits being filed over this dispute.

40.

Additionally, Plaintiff DCCH would not be adequately compensated by a corporate recovery as there is no ready market for its shares in South Fulton.

41.

South Fulton Dialysis is paying its debts as they come due, and there are no outstanding or dissatisfied creditors. The only potential creditor is DCCM, and this suit is being brought, in part, so that Plaintiff DCCH can protect that creditor.

42.

Pursuant to Georgia law, Plaintiff DCCH's direct action against Agbogu is appropriate.

43.

Pursuant to O.C.G.A. § 14-11-305(4), "a member or manager has duties (including fiduciary duties) and liabilities relating thereto to a limited liability company or to another member or manager…" As a member of the member-managed LLC, Defendant Agbogu had fiduciary duties to South Fulton Dialysis.

44.

Rather than taking actions in the best interest of South Fulton Dialysis, Defendant Agbogu took actions in his own best interest, to the economic detriment of South Fulton Dialysis, when he tried to evict South Fulton Dialysis by any means necessary.   South Fulton Dialysis paid Defendant Agbogu's company, BNG Properties, approximately $221,856.00 in rent from July 2020 through September 2021.

45.

Despite this, and rather than consulting with the other member of South Fulton Dialysis to address a dispute of late fees totaling $2,239.13, Defendant Agbogu chose to file a Demand Notice to Cure Default on December 22, 2021.  In that

Notice, Defendant Agbogu demanded payment in 15 days or else face eviction proceedings.

46.

Yet again, without any notice to Plaintiff DCCH, Defendant Agbogu, as owner of BNG Properties, tried to evict South Fulton Dialysis from the leased premises by way of letter from an attorney on March 16, 2022. In the letter titled "Notice of Lease Termination", Defendant Agbogu's other company, BNG Properties, required that South Fulton Dialysis surrender possession of the lease premises based on a yet unknown claim of structural damage that went "unheeded." To date, South Fulton Dialysis has never received adequate notice of any structural damage from Defendant BNG Properties.

47.

At no point did Defendant Agbogu communicate with Plaintiff DCCH concerning a potential Notice of Lease Termination. The letter was the first communication DCCH had of the alleged need for repair to structural damage.

48.

If South Fulton Dialysis was evicted from the leased premises, it would cause a financial catastrophe to South Fulton Dialysis and potentially put the dialysis patients at great risk.

49.

Additionally, Defendant Agbobu has refused to make cash contributions to the LLC, despite his ability to make said contributions, which have placed the LLC in jeopardy. The operating agreement of the LLC permits the members to vote on whether to make cash contributions, but Defendant Agbogu has voted against his own contributions out of self-interest, rather than voting for the best interests of the company.

50.

Defendant Agbogu has a fiduciary duty to South Fulton Dialysis as a manager of the LLC, and a fiduciary duty to DCCH as a member of the LLC, and he has breached his fiduciary duties.

51.

Defendant Agbogu's actions and omissions were and are damaging to South Fulton Dialysis.  Defendant Agobogu has violated his required fiduciary duties, including but not limited to notifying South Fulton Dialysis that he has initiated eviction proceedings against his own company.  It is evident that his goal is to evict South Fulton Dialysis from the premises owned by his company, BNG Properties, rather than take actions that are loyal to, in good faith, and in the best interest of South Fulton Dialysis. As a result, Plaintiff DCCH has incurred damages in an

amount to be proven at trial, but in any event, in an amount no less than the actual attorney's fees spent defending against his frivolous dispossessory proceeding (to date, $4,500.00) and his pro rata share of the amount owed to DCCM ($130,050.00).

## COUNT II:  BREACH OF DUTY OF CARE

52.

Pursuant to O.C.G.A. § 14-11-305, members of a Georgia LLC are required by law to "act in a manner they believe in good faith to be in the best interests of the LLC and with the care an ordinarily prudent person in a like position would exercise under similar circumstances…"

53.

Defendant Agbogu's unlawful attempts to evict his own company, South Fulton Dialysis, from the leased premises is a clear violation of his duty to South Fulton Dialysis as one of its members.

54.

Defendant Agbogu's failure to pay his required portion of $133,050 to DCCM in violation of the terms of the Management Services Agreement with DCCM has placed South Fulton Dialysis in breach of its agreement.

55.

Defendant Agbogu's schemes to evict South Fulton Dialysis and his failure to pay pursuant to the terms of the Management Services Agreement are in complete contradiction to the Georgia requirement that LLC members "act in a manner they believe in good faith to be in the best interests of the LLC and with the care an ordinarily prudent person in a like position would exercise under similar circumstances". As a result, Plaintiff DCCH has incurred damages in an amount to be proven at trial.

## COUNT III:  BREACH OF CONTRACT

56.

Plaintiff incorporates by reference all of the previous allegations as though fully set forth herein.

57.

Plaintiff DCCH and Defendant Agbogu executed the Operating Agreement on November 20, 2020.  The Operating Agreement is a valid and enforceable contract.

58.

The Operating Agreement includes the following pertinent provisions:

2.2 *Additional Contributions*: Member will be required to pay an additional capital contribution based on their respective ownership

percentage as it correlates to the on-going needs of the Company with unanimous approval of the Members.

5.1.1. The Members, within the authority granted by the Act and the terms of this Agreement shall have the complete power and authority to manage and operate the Company and make all decisions affecting its business and affairs.

59.

Under Georgia law, good faith is an element of every contract. Every contract imposes upon each party a duty of good faith and fair dealing in its performance. O.C.G.A. § 13-4-20 and the common law call for substantial compliance with the spirit, and not the letter only, of a contract in its performance.

60.

Defendant Agbogu undeniably violated the spirit of the Operating Agreement when he utilized his power and authority, as granted by the Operating Agreement, to the detriment of South Fulton Dialysis by (1) forcing his own company into dispossessory proceedings twice and (2) purposefully failing to pay $133,050 in violation of the Agreement with DCCM.

61.

In breach of his duties of good faith and fair dealing, Defendant Agbogu has caused purposeful delay and harm to South Fulton Dialysis, which is not in accordance with the reasonable expectations of the parties. As a result, Plaintiff DCCH has incurred damages in an amount to be proven at trial.

## COUNT IV:  PUNITIVE DAMAGES (O.C.G.A. § 51-12-5.1)

62.

Plaintiff incorporates by reference all of the previous allegations as though fully set forth herein.

63.

Defendant Agbogu's willful attempts to evict his own company on multiple occasions and failure to pay under the terms of the Management Services Agreement, thereby placing South Fulton Dialysis in breach of the Agreement, undeniably equate to willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

64.

Defendant Agbogu sold 70% of his membership interest to Plaintiff DCCH for $3,000,000.  At some point prior or subsequent to the transaction, Defendant Agbogu made the decision that, since he had already been paid $3,000,000 by South Fulton Dialysis, he could simply evict South Fulton Dialysis through his other company, BNG Properties, and either form a dialysis entity by himself or enter into business with another dialysis entity to accomplish a similar duplicitous, if not fraudulent, scheme. While manufacturing this scheme, Defendant Agbogu was still

a member who owed duties to South Fulton Dialysis, the company he was trying so aggressively to harm.

65.

As a result of Defendant Agbogu's conduct, Plaintiff DCCH should be awarded punitive damages in an amount to be determined at trial.

<b><u>COUNT V: ATTORNEYS' FEES AND COURT COSTS<br>PURSUANT TO O.C.G.A. § 13-6-11</u></b>

66.

Plaintiff DCCH incorporates by reference all of the previous allegations as though fully set forth herein.

67.

Plaintiff DCCH has been forced to file this action due to Defendant Agbogu's multiple attempts to wrongfully evict Plaintiff DCCH, and in the process grossly violated his duty as a member of Plaintiff DCCH.

68.

Defendant Agbogu has acted in bad faith and has caused Plaintiff DCCH unnecessary trouble and expense in having to bring this action, and as a result thereof, Plaintiff DCCH should be awarded its expenses of litigation, including its reasonable attorney's fees.

## COUNT VI:  ATTORNEY'S FEES AND COURT COSTS PURSUANT TO O.C.G.A. § 13-1-11

69.

Plaintiff DCCH incorporates by reference all of the previous allegations as though fully set forth herein.

70.

Notice for attorney's fees, as required under O.C.G.A. § 13-1-11, is now given stating as follows:

Pursuant to O.C.G.A. § 13-1-11, unless Defendant makes payment in full of the past due monies owed in the amount of $137,550 within ten (10) days from receipt of this Complaint, Plaintiff DCCH will seek to enforce collection of the principal, interest and attorney's fees as provided in the Operating Agreement, Section 12.4.

Plaintiff DCCH makes demand for payment of this obligation sued upon; and upon failure to pay same as provided by law within ten (10) days from receipt of this Complaint, Plaintiff will claim attorney's fees pursuant to the Operating Agreement and applicable law.

WHEREFORE, Plaintiff DCCH prays that the following relief be granted:

(a)     A trial by a jury of six (6);

(b)     For a summons to issue against Defendant Agbogu;

(c)     That Plaintiff DCCH be awarded judgment for damages on the foregoing counts in such amounts as will completely make them whole;

(d)      That Plaintiff DCCH be awarded all reasonable attorney's fees and costs of litigation incurred by Plaintiff DCCH for the prosecution of this action;

(e)     That judgment be entered against Defendant Agbogu in accordance with the evidence presented and applicable law;

(f)      That the Court award Plaintiff DCCH such other relief as it deems just and proper.

Respectfully submitted this 29th day of July 2022.

/s/ *Garrett W. Murphy*
Garrett W. Murphy
GA Bar No. 603187
Attorney for Plaintiff

GARRETT MURPHY LAW, LLC
7013 Evans Town Center Boulevard
Suite 501
Evans, Georgia 30809
Telephone: (706) 364-0070
Email: garrett@garrettmurphylaw.com